Michael E. Stoberski, Esq.
Nevada Bar No. 004762
OLSON CANNON GORMLEY
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV  89129
Telephone:  702.384.4012
Email:  mstoberski@ocgas.com

and

Kent B. Hanson, Esq. (*pro hac vice* )
Paul E. D. Darsow, Esq. (*pro hac vice* )
HANSON BOLKCOM LAW GROUP, LTD.
527 Marquette Avenue, Suite 2300
Minneapolis, MN  55402
Telephone;  612.342.2880
Facsimile:  612.342.2899
Email:  khanson@hblawgroup.com
Email:  paul.darsow@hblawgroup.com

Attorneys for Defendant GENERAL MOTORS LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MIA GRANT, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>GENERAL MOTORS LLC, a Delaware )<br>Limited Liability Company, GENERAL )<br>MOTORS COMPANY, a Delaware )<br>Corporation; DOES I-X; and ROE )<br>CORPORATIONS XI-XX, inclusive, )<br>)<br>    Defendants. ) | Case No.  2:14-cv-00648-RFB-CWH |

**PROTECTIVE ORDER**

The above-entitled matter came on for consideration on the motion for protective order of

Defendant General Motors LLC.  Based upon the submissions of the parties, including all the

records, files, and proceedings herein, this Court being fully advised in the premises, **IT IS HEREBY ORDERED**:

1. Defendant General Motors LLC may designate items of discovery or other information produced or disclosed to Plaintiffs as being confidential and subject to this Protective Order, which designation shall make such items and all copies, prints, summaries, or other reproductions of such information subject to this Order. All such documents or other tangible items produced by Defendant General Motors LLC shall be clearly stamped or labeled to indicate that such material is subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

2. Defendant General Motors LLC shall designate as being confidential under this Protective Order only such documents and materials which it has determined in good faith to constitute or contain a trade secret, competitively sensitive information or other confidential research, development, technical or commercial information. All such documents and materials shall be clearly labeled to indicate that such material is Confidential subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

3. Materials designated as Confidential and copies thereof may be disseminated, used, disclosed, or otherwise made available only to the following persons when needed by them in connection with their duties in connection with this action:

    a. Attorneys of record in this action and their partners or associate attorneys;

    b. Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the supervision of partners or associate attorneys of said firms;

**PROTECTIVE ORDER**

    c. Any independent expert or consultant specifically retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action under the supervision of said persons;

    d. The Court;

    e. Court reporters or other official personnel reasonably required for the preparation of transcripts or testimony;

    f. Mediators and other individuals appointed by the Court in this matter;

    g. Expert witnesses/General Motors LLC employees, either by deposition or trial testimony, who may be shown and questioned about the confidential material.

  4. The parties shall act to preserve the confidentiality of designated information. Before any such information is filed with the Court, the parties shall request the Court to permit filing under seal. If filing under seal is not permitted, other arrangement shall be made to assure that confidentiality is preserved.

  5. Use of confidential documents or information covered by this Protective Order at trial or in other proceedings in this matter shall not be deemed to constitute a waiver of the confidentiality of such documents or information.

  6. In the event that Plaintiff's counsel disagrees with the propriety of Defendant General Motors LLC's designation of any item(s) as being confidential under this Protective Order, Plaintiff's counsel shall serve written notice upon Defendant General Motors LLC's counsel within ninety (90) days after production of the item(s), specifying the item(s) in question. In the event that an agreement cannot be reached between counsel concerning the propriety of the designation, the producing party shall file a motion seeking Court adjudication of the propriety of the designation under applicable court files or statutes. Any such item or

**PROTECTIVE ORDER**

items shall continue to be treated as confidential and subject to this Protective Order until such motion has been decided.

7. If either party wishes to modify this Order, the parties shall first request such modification from each other, and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to the termination of this lawsuit.  Modification of this Order after termination of this lawsuit by judgment, settlement, or otherwise, shall not be permitted.  Until modification is granted by agreement or order, the terms of this Protective Order will govern.  Provision for the use of such information at trial shall be similarly made by agreement or by pretrial order governing the use and protection of the record.

8. Upon reaching agreement upon settlement terms, or upon termination of this lawsuit by judgment, settlement or otherwise (whichever occurs first), counsel for Plaintiff shall return to Defendant General Motors LLC through its counsel of record all documents and information subject to this Order, including all copies, prints, summaries, and other reproductions of such information in the possession of Plaintiff, Plaintiff's counsel and staff, and Plaintiff's retained experts.  Alternatively, Plaintiff's counsel may destroy all documents and information subject to this Protective Order, including all copies, prints, summaries, and other reproductions of such information in the possession of Plaintiff, the Plaintiff's counsel and staff, and Plaintiff's retained experts.  Plaintiff's counsel shall certify in writing to Defendant General Motors LLC's counsel compliance with this Order and will disclose the names of all experts to whom such information was disclosed.  Each retained expert also will certify in writing to Defendant General Motors LLC's counsel compliance with this Order in the form of the affidavit attached hereto as Exhibit A.

**PROTECTIVE ORDER**

**IT IS SO ORDERED**

Dated: __August 28, 2014__

_____

Honorable Carl W. Hoffman
United States Magistrate Judge

**PROTECTIVE ORDER**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MIA GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-00648-RFB-CWH |
| ) | |
| GENERAL MOTORS LLC, a Delaware ) | |
| Limited Liability Company, GENERAL ) | |
| MOTORS COMPANY, a Delaware ) | **AFFIDAVIT OF COMPLIANCE** |
| Corporation; DOES I-X; and ROE ) | **WITH PROTECTIVE ORDER** |
| CORPORATIONS XI-XX, inclusive, ) | |
| ) | |
| Defendants. ) | |

STATE OF _____ )
                                                    ) ss.
COUNTY OF _____ )

    I, _____, hereby affirm that I have read the Protective Order entered in the above-entitled matter, dated _____, and have fully complied with all its terms and provisions.

    _____
    *Affiant*

Subscribed to and sworn to before me this
\_\_\_\_\_ day of _____, \_\_\_\_\_.

_____
Notary Public

**PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 27th day of August, 2014, I served the above **PROPOSED PROTECTIVE ORDER** through the CM/ECF system of the United States District Court for the District of Nevada to everyone on the service list.

                                            s/Yvonne M. Viehman
                                            An Employee of HANSON BOLKCOM LAW GROUP, LTD.

**PROTECTIVE ORDER**